Mr. Mitchell S. Kraft Tamarac City Attorney 7525 Northwest 88th Avenue Tamarac, Florida 33321-2401
Dear Mr. Kraft:
You ask the following question:
Must appointed members of advisory committees and boards, serving as volunteers without compensation, take the statutorily prescribed oath pursuant to section 876.05, Florida Statutes?
In sum:
While section 876.05, Florida Statutes, does not require an individual appointed to a municipal advisory committee or board to take the oath contained therein, the City of Tamarac may require such volunteer committee and board members to subscribe to an oath before assuming the duties of their office.
You state that the City of Tamarac requires all employees and officers to take an oath of office pursuant to section 876.05, Florida Statutes, and section 5.05 of the Tamarac Charter. Members of advisory boards and committees appointed by the city commission have also been administered the oath prior to serving on their board or committee, notwithstanding that they are volunteers serving without compensation and are not employees or elected officials of the city.
Section 876.05, Florida Statutes, provides:
"(1) All persons who now or hereafter are employed by or who now or hereafter are on the payroll of the state, or any of its departments and agencies, subdivisions, counties, cities, school boards and districts of the free public school system of the state or counties, or institutions of higher learning, and all candidates for public office, are required to take an oath before any person duly authorized to take acknowledgments of instruments for public record in the state in the following form:
I, _____, a citizen of the State of Florida and of the United States of America, and being employed by or an officer of ______ and a recipient of public funds as such employee or officer, do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.
(2) Said oath shall be filed with the records of the governing official or employing governmental agency prior to the approval of any voucher for the payment of salary, expenses, or other compensation." (e.s.)
The oath requirement extends to "all employees and elected officers of the state, including the Governor and constitutional officers and all employees and elected officers of all cities,towns, counties, and political subdivisions, including the educational system."[1] Further, the oath is a prerequisite to qualification for public office.[2] This office has previously concluded that the provisions of section 876.09, Florida Statutes, are binding on all public employees and elected state and local officials.[3] Nothing in the statute, however, requires appointees to local boards or committees to execute the oath before assuming their responsibilities.
You have provided a copy of section 5.05, City of Tamarac Charter, stating: "Every officer and employee shall, before entering upon his or her duties, take and subscribe to a uniform oath or affirmation before the manager, to be kept on file in the office of the manager." While this office does not interpret local codes and charters, it does not appear that the term "officer" is limited to elected officials.[4] Moreover, given the home rule powers possessed by a municipality[5] and no apparent preemption of the area of oaths of office for municipal officers, it would appear to be within the authority of a municipality to require the oath of its appointed officers.
Accordingly, while section 876.05, Florida Statutes, does not require an individual appointed to a municipal advisory committee or board to take the oath contained therein, the City of Tamarac may require such volunteer committee and board members to subscribe to an oath before assuming the duties of their office.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 876.09(1), Fla. Stat.
[2] Section 876.07, Fla. Stat.
[3] See, Op. Att'y Gen. Fla. 96-41 (1996).
[4] Cf., s. 112.313(1), Fla. Stat., defining the term "public officer," unless the context requires otherwise, as including "any person elected or appointed to hold office in any agency, including any person serving on an advisory body." For purposes of the dual officeholding prohibition in Art. II, s. 5, Fla. Const., however, a "public officer" does not include members of an advisory board.
[5] See, Art. VIII, s. 2(b), Fla. Const., authorizing municipalities to "exercise any power for municipal purposes except as otherwise provided by law."